STATE *ex rel.* JOHN H. TICE, styling himself School Commissioner of St. Louis County, Petitioner, *v.* THE COUNTY COURT OF ST. LOUIS COUNTY, and WILLIAM H. HEATH, Auditor of said County, Respondents.

*Officer—Schools—School Commissioner of St. Louis County.*—The Revised Statutes of 1865 (G. S. 1865, ch. 46) repealed the statute R. C. 1855, ch. 143, and also the provisions of the statute, Acts 1857, p. 407, relating to the appointment and term of office of School Commissioner for St. Louis county. The ordinance of 1861, abolishing the office of School Commissioner in all the counties except St. Louis, did not make the previous statutes locally applicable only to St. Louis county, so that they were kept in force by the revision of 1865.

### Petition for Mandamus.

*E. Casselberry*, for petitioner.

The special act of 1857 is an exception out of a general act of 1853, and both of these are yet in force—St. Louis v. Alexander, 23 Mo. 509 ; Vastine v. Probate Judge, 38 Mo. 529 ; § 5, p. 883, G. S. 1865. The act of 1857 is continued in full force by virtue of section 6, p. 883, G. S. 1865.

It may be laid down as a general rule that it is deemed against the policy of the law to favor repeals by implication— Smith's Com. on Stat. 879 ; Sedgw. on Stat. 127 ; 6 W. & Serg. 209 ; 10 Barr, 442 ; 21 Pa. 533 ; Deters v. Renick, 37 Mo. 597.

On comparing the general School law of 1855, vol. 2, p. 1430, it will be seen that the powers and duties of the county superintendent of Public Schools is essentially different from the powers and duties of school commissioner in the law of

1855. The powers and duties of these officers are as different as the powers and duties of sheriff and marshal of St. Louis county. As an evidence that the general law of 1865 is not applicable to St. Louis county, it will be seen that the salary is wholly inadequate as far as concerns' St. Louis county. The general law of 1865, § 52, p. 268, only allows compensation for sixty days, when the Legislature at the time knew that the whole time of the commissioner for St. Louis during the whole year would be necessary.

*H. A. Clover*, for respondents.

It will be perceived by the court, that by ch. 46, entitled "Of the reorganization, supervision and maintenance of Common Schools," Laws of 1865, p. 255, &c., the Legislature of the State have entirely reconstructed the common school system of the State. There is no longer the office of commissioner of common schools; in lieu thereof is created the office of county superintendent of common schools, whose election by the qualified voters of the several counties is provided for at the general election in the year 1866, and every two years thereafter.

Under the old law of 1855, it was the duty of the commissioner, 1st, to apportion the State, county and township school moneys subject to distribution among the several school districts of his county, according to the number of white children residing in each between the ages of five and twenty years, as shall appear from the last annual reports of the trustees, and also to apportion in the same manner State and county school moneys subject to distribution among the school corporations in his county—2 G. S. p. 1430.

By section 80 of the new law of 1865, this duty is now devolved upon the county clerk—Laws of 1865, p. 27. In the same way the duties devolved upon the commissioner by the second subdivision of § 5, R. C. 1855, p. 1430, are now devolved upon the county clerk. And so on, going through the whole law, it will be seen there is a radical change in the system; the old office is abolished and the new one cre-

ated.  All the duties formerly required of the school commissioner are either devolved upon other officers, or upon the county superintendent.

The Legislature have plainly, directly, and by express enactment, repealed the law of 1855.

FAGG, Judge, delivered the opinion of the court.

The petitioner claims that in pursuance of law he was at the general election held in the month of November, 1864, duly elected by the qualified voters of St. Louis county to the office of school commissioner of said county ; that said election, so far as this particular office is concerned, was authorized by an act of the Legislature of this State, approved March 3, 1857.; that said act is local and especially applicable to the county of St. Louis, and that by the provisions thereof his term of office was to continue for a period of four years, and until his successor should be duly elected and qualified.

It is farther stated that the petitioner having in all respects complied with the laws of the State regulating the office of the county school commissioner, entered upon the duties of his said office, and has continued to perform the same to the present time ; that the compensation to said officer had, in pursuance of law, been fixed by the said court at the sum of fifteen hundred dollars per annum, payable in quarterly instalments ; that on the 15th day of March, 1867, one quarter's instalment, amounting to the sum of three hundred and seventy-five dollars, was due the petitioner, and that the same had been demanded of the respondents, and by them refused : wherefore a mandamus is prayed for.

The return of the respondents to the alternative writ admits the truth of all the facts alleged in the petition, except as to the fact of the existence of such an office as county school commissioner for St. Louis county since the first of January, 1867.  It is averred that the law of 1857, creating this office, and the act of March 3d, 1857, providing for the manner of filling the same, have both been repealed by the

revision of the general statutes of Missouri of 1865. That the office of county school commissioner is abolished, and the office of county superintendent of Public Schools substituted in its stead, which said office was duly filled by the election of Andrew Murphy by the qualified voters of St. Louis county, at a general election held in the month of November, 1866, in pursuance of the provisions of the statute, &c.

The question involved in this proceeding is presented upon the demurrer to the answer of respondents, and the facts therein stated are therefore to be taken as true. The only inquiry is whether such an office as county school commissioner of St. Louis county has been in existence, in contemplation of law, since the county superintendent of Public Schools for said county entered upon the discharge of his official duties under the act of 1865 in relation to the " reorganization, supervision and maintenance of common schools" —ch. 46, G. S. p. 255.

The office of county school commissioner was created by the provisions of the act of 1853, continued in Art. III., ch. 143, R. C. 1855, of an act entitled " An act to provide for the organization, support and government of common schools in the State of Missouri." This was a general law, and applicable to every county in the State. By its terms the commissioner was in every instance to be appointed by the County Court of the proper county, and his term of office fixed at the period of two years, and until his successor should be appointed and qualified. By the act of 1857, Laws of Mo. 1857, p. 407, the general statute was so far altered in its application to the county of St. Louis, and some others in the State, as to make the office elective, and to change its tenure to a period of four years. The act of 1859, Sess. Acts 1858–9, p. 68, was intended simply to supply an omission in the act of 1857 by providing for the manner of filling vacancies. The Missouri State Convention of 1861 and 1862 (as it is called), by an ordinance adopted October 16, 1861, entitled, " An ordinance providing for abolishing certain offi-

ces," &c., did in terms abolish the office of county school commissioner " in all of the counties of the State, St. Louis county excepted." It is insisted on the part of the relator that the necessary effect of the legislation of 1857, and the ordinance of 1861, was to make the office as to St. Louis county an exception to the general statutes, and therefore local and special in its character, so as to bring it within the class of laws which are embraced in section 6, ch. 224, of the general statutes of Missouri. The ordinance of 1861, after declaring that the office of county school commissioner was abolished in all the counties of the State, with the exception of St. Louis, proceeds in the same section to direct that thereafter " the clerks of the respective County Courts shall discharge all the duties of common school commissioners in their respective counties, except visiting and lecturing in the schools." In point of fact the effect of the ordinance is simply to declare the office vacant, and thereupon to constitute the clerk of the court in each county, except St. Louis, ex officio the school commissioner for his county ; so that in effect it differs in no essential particular from the act of 1857. The general school law of 1853, continued in the revision of 1855, is not repealed by either. The act of 1857 simply changes the manner of filling the office as to St. Louis county, and the ordinance of 1861 vacates the office in every county in the State except St. Louis, and at once proceeds to fill the same by designating the person who shall thereafter perform the duties which belong to it.

For the purpose of determining whether the act of 1853, as continued in the revision of 1855, is repealed by ch. 46 of the general statutes, it will not be necessary to examine the provisions of the two acts in detail. The title itself of the act of 1865 indicates that an entire and radical change of the whole machinery of the school law was intended, and that too without any exception as to its application to any county in the State. It cannot in any true sense be said to be the act of 1853 and 1855 continued in the revision of 1865. It substitutes an entirely new system for the organ-

ization and support of common schools in the State, and therefore must be held to repeal the former statute. That being true, every office created by that act is abolished, and cannot be held to be in existence by the act of 1857, or by the ordinance of the Convention. The act of 1865 creates a new office, with duties attached to it not precisely similar to the office of commissioner, but so nearly the same as to leave no doubt of the fact that it was intended to supply the same place substantially in the new system that was occupied by that office under the old law. Chapter 46, § 48, provides that " there is hereby created the office of county superintendent of Public Schools ;" section 49 declares, " there shall be one county superintendent for *every county in the State*, who shall be elected by the qualified voters of the several counties, at the general election in the year eighteen hundred and sixty-six, and every two years thereafter, and shall hold his office for the term of two years, and until his successor is elected and qualified." There is not only no exception made in reference to the county of St. Louis, but the 54th section shows conclusively that it was intended to be embraced within its operation by declaring that " *the county superintendent of St. Louis county* shall have no power or control over that part of the county now under the jurisdiction of the Board of Public Schools."

It may be said briefly that the case of State ex rel. Vastine v. McDonald, 38 Mo. 529, was essentially different from the one at bar. In that case the law creating the office of public administrator had not been repealed by the revision of 1865, but was still continued in force by it.

There was nothing in the act of 1865 so repugnant to the provisions of the former legislation in reference to the selection of that officer to indicate that any change had been intended by the Legislature, and hence the act of 1857 was declared to be still in force.

Peremptory mandamus refused. The other judges concur.